IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

United States of America

    v.                                        Case No. 2:18-cr-229-2

Jeralyn R. Dougherty

OPINION AND ORDER

    By judgment entered on August 19, 2019, defendant was sentenced to a term of incarceration of forty-two months on Count 1 and thirty-six months on Count 3, to run concurrently. On March 24, 2020, defendant filed a motion for compassionate release under 18 U.S.C. §3582(c)(1)(A). Defendant argues in her motion that a reduction in her sentence is warranted due to the COVID-19 pandemic, a broken wrist sustained in November of 2019, her heart condition, including blocked arteries, a prior stroke suffered in 2016, and the Bureau of Prison's inability to provide her with one of her prescription medications. Defendant also contends that her release would enable her to assist her mentally handicapped daughter in caring for the daughter's four children. On April 13, 2020, defendant filed a supplement to her motion for compassionate release, including a letter from the warden of F.C.I. Coleman denying her request for consideration for a compassionate release/reduction in sentence. The government opposes the motion.

    Under §3582(c)(1)(A), as modified by the First Step Act of 2018, the court may reduce a sentence of imprisonment upon motion of the Director of the Bureau of Prisons, or upon motion of a defendant after that defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to file such a motion on a defendant's behalf. Specifically, the district court has authority to rule on a motion of the defendant

>after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier[.]

§3582(c)(1)(A). If the defendant's administrative remedies have been exhausted, the defendant can file a motion with the court seeking a reduction of a term of incarceration based on extraordinary and compelling reasons for the reduction. §3582(c)(1)(A)(i).

The government argues that defendant has not shown that she has exhausted her administrative remedies. This court agrees. The letter from the warden, dated March 13, 2020, refers to a request for reduction of sentence received from defendant on February 28, 2020, in which defendant alleged that she had been "subjected to irreparable harm due to exposure to the Legionella bacteria." Doc. 58, p. 5. The warden concluded that defendant did not meet the criteria for consideration for early release based upon extraordinary and compelling circumstances due to exposure to Legionalla and denied the request. Doc. 58, p. 6. The letter informed defendant that she did not submit supporting documentation with her request as required. The letter also advised defendant that she could appeal the warden's response through the administrative remedy process at the institution level. Doc. 58, p. 6. Defendant has not alleged that she has pursued an appeal.

The defendant's request for compassionate release was received by the warden prior to the outbreak of the COVID-19 epidemic in the United States. The warden's letter makes no reference to COVID-19, or to any of the other health conditions or family concerns

discussed by defendant in the motion now pending before the court. Although defendant refers briefly in her motion to a Legionnaires Disease outbreak at the Coleman Camp earlier in the year, she does not allege that Legionnaires Disease currently poses a threat.

Under §3582(c)(1)(A), the defendant was required to submit a request to the warden to file a motion for reduction of sentence on her behalf based on the circumstances discussed in her pending motion. Defendant has not shown that she has exhausted her administrative remedies. Absent a showing of exhaustion, this court cannot rule on defendant's request for a reduction of sentence under subsection (i). See Guzman v. United States, No. 2:10-CR-161, 2019 WL 1966106, *2 (E.D.Tenn. May 2, 2019). As the government notes, many courts have held that the exhaustion requirement contained in §3582(c)(1)(A) is jurisdictional and cannot be waived, even due to emergencies such as the COVID-19 pandemic. See, e.g., United States v. Raia, ___ F.3d ___, 2020 WL 1647922, at *2 (3d Cir. Apr. 2, 2020); United States v. Dickson, No. 1:19-cr-251-17, 2020 WL 1904058, at *2-3 (N.D. Ohio Apr. 17, 2020); United States v. Alam, No. 15-20351, 2020 WL 1703881, at *2 (E.D. Mich. Apr. 8, 2020). This court agrees with the reasoning of these courts. Defendant must first exhaust her prison administrative remedies by filing a request with the warden which addresses her COVID-19 concerns, her other health conditions, and any relevant family circumstances. Because this court does not currently have jurisdiction to rule on defendant's request for reduction of sentence, the court will not address the government's arguments at this time as to whether any of the circumstances relied on by defendant in her motion would constitute extraordinary

and compelling reasons justifying a reduction in sentence.

Defendant also requests that she be permitted to serve the remainder of her sentence on home confinement. The government correctly notes that this court cannot order the Bureau of Prisons to permit defendant to serve the remainder of her sentence on home confinement. It is the Bureau of Prisons, not this court, which has the authority to designate the place of a prisoner's imprisonment. 18 U.S.C. §3621(b); United States v. Townsend, 631 F. App'x 373, 378 (6th Cir. 2015).

For the foregoing reasons, defendant's request for a reduction in her term of incarceration is denied without prejudice due to her failure to exhaust her administrative remedies.

Date: April 20, 2020                     s/James L. Graham
    James L. Graham
    United States District Judge